FILED

2018 Oct-19  AM 11:10
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMESHIA ALEXANDER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | <u>**JURY TRIAL DEMANDED**</u> |
| **NATIONAL CREDIT SYSTEMS,** | ) | |
| **INC., EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC., EQUIFAX** | ) | |
| **INFORMATION SERVICES, LLC;** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT

---

COMES NOW the Plaintiff, Jameshia Alexander, by and through her

undersigned counsel, and for her complaint states as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and

attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. §1681, *et seq.* and the Fair Debt Collection Practices Act ("FDCPA") 15

U.S.C. §1692, *et seq.*

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p, and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Jameshia Alexander, is over the age of nineteen (19) years and is  a resident of the city of Birmingham in Jefferson County, Alabama.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant, NATIONAL CREDIT SYSTEMS, INC. (hereinafter "NCS"), is a foreign corporation or other legal entity organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia. Plaintiff asserts that Defendant NCS is a debt collector as defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

4. As part of its business, NCS furnishes consumer credit information to credit reporting agencies such as Defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC.

5.      Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") is an Ohio corporation with its principal place of business in California.  Experian does and has, at all pertinent times, done business in this district.

6.      Experian is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

7.      Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax") is a Georgia Corporation with a principal place of business in the State of Georgia.  Equifax does and has, at all pertinent times, done business in this district.

8.      Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

9.      Upon information and belief, Defendants Experian and Equifax are regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

10.     Upon information and belief Experian and Equifax disburse consumer reports to third parties for monetary compensation.

11.    All events herein occurred in this judicial district.

## STATEMENT OF FACTS

12.    At some time prior to the events made the basis of this lawsuit,

Plaintiff entered into a rental agreement for a rental home owned by a

company called Sayco Loan & Property Services, LLC d/b/a Sayco

Property Services, LLC ("Sayco").

13.    A legal dispute arose between Plaintiff and Sayco regarding actions

taken by Sayco at the conclusion of Plaintiff's tenancy regarding the

disposition of certain personal property belonging to the Plaintiff and

charges made to the rental account associated with the premises.

Specifically Sayco alleged that it spent $814.50 on work to the

premises after Plaintiff moved out.

14.    Plaintiff was able to resolve her legal dispute with Sayco.  As part of

the resolution of the dispute, Sayco agreed to waive the $814.50

charge to Plaintiff's account.

15.    This resolution between Plaintiff and Sayco was reduced to writing in

a "Settlement Agreement and Release" document which was signed

by Plaintiff and Sayco's C.E.O. on or about October 21, 2016.  The

"Settlement Agreement and Release," in paragraph #3, stated that:

"Sayco agrees to waive the charges to Alexander's account in the amount of $814.50, representing work to the Premises after Alexander had vacated."

16. Despite Sayco's agreement to waive the $814.50 debt, Defendant NCS was reporting that Plaintiff owed the debt on Plaintiff's Experian and Equifax credit reports.  The creditor listed on the trade line for this debt was Sayco.

17. On September 12, 2018, Plaintiff wrote to both Experian and Equifax disputing that she owed the debt being reported by NCS.  Along with her dispute letter, Plaintiff sent Experian and Equifax a copy of the "Settlement Agreement and Release" between Plaintiff and Sayco that showed that Sayco agreed to waive the debt.

18. Experian received Plaintiff's dispute letter and the "Settlement Agreement and Release" on September 18, 2018.

19. Equifax received Plaintiff's dispute letter and the "Settlement Agreement and Release" on September 14, 2018.

### *RESULTS OF EXPERIAN'S REINVESTIGATION*

20. On October 2, 2018, Experian responded to Plaintiff's dispute letter.

21. Experian's response to Plaintiff was that the information Plaintiff

disputed, the alleged debt being reported by NCS, was verified as accurate.

### *RESULTS OF EQUIFAX'S REINVESTIGATION*

22. On or about October 9, 2018, Equifax responded to Plaintiff's dispute letter.

23. Equifax's response to Plaintiff was that the information Plaintiff disputed, the alleged debt being reported by NCS, was verified as accurate.

24. Despite Plaintiff's dispute and the evidence provided to Defendants Experian, Equifax, those Defendants failed to conduct a reasonable reinvestigation as requested by the Plaintiff.

25. This inaccurate information negatively reflected on Plaintiff, her financial responsibility as a debtor and her credit worthiness.

26. Additionally, NCS illegally attempted to collect the alleged Sayco debt by falsely reporting to the credit reporting agencies that Plaintiff was indebted to Sayco despite the "Settlement Agreement and Release" clearly showing that she was not so indebted.

## CAUSES OF ACTION

**COUNT ONE**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,**
**15 U.S.C. § 1681 et seq. AS TO DEFENDANTS**
**EXPERIAN AND EQUIFAX**

27.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.    Defendants Experian and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

29.    Experian and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to NCS; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

30.    As a result of this wrongful conduct, action and inaction of Experian

and Equifax, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental anguish and emotional distress, physical pain and anguish, humiliation and embarrassment.

31. Experian and Equifax's respective conduct was willful, rendering them liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian and Equifax were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

32. The Plaintiff is entitled to recover costs and attorney's fees from Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT NCS

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. NCS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Experian and Equifax inaccurate information regarding the alleged account; by failing to fully and

properly investigate the Plaintiff's dispute of the inaccurate NCS representation; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Equifax and Experian; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the NCS representations to the consumer reporting agencies.

34. After receiving notification from Experian and possibly Equifax about Plaintiff's disputed account, NCS did not contact any third parties other than the Defendant credit reporting agencies when investigating Plaintiff's dispute.  Further, NCS verified the Plaintiff's account to the Defendant credit reporting agencies in response to the Plaintiff's dispute it received from the Defendant credit reporting agencies.

35. As a result of NCS's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as physical, mental and emotional pain and anguish, humiliation and embarrassment.

36.   NCS's conduct, action and inaction constituted willful violations of the FCRA, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n.  In the alternative, NCS negligently violated the FCRA entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

37.   The Plaintiff is entitled to recover costs and attorney's fees from PRA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o

## COUNT THREE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT NCS

38.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.   The foregoing acts and omissions of Defendant NCS and its employees and agents constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff.

40.   As a result of Defendant NCS's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C.

§ 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant

to 15 U.S.C. § 1692k(a)(3), from Defendant NCS.

**WHEREFORE, PREMISES CONSIDERED,**  Plaintiff claims of the

Defendants, jointly and severally, statutory, compensatory and punitive damages,

plus interest, costs, reasonable attorney's fees and any such other and further relief

as this Court deems proper and/or necessary and as is allowed under FDCPA and

FCRA.

**<u>PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY</u>**

_/s/ W. Whitney Seals_____
W. WHITNEY SEALS,
Attorney for Plaintiff


**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**

Jameshia Alexander
517 22nd Lane N.E.
Birmingham, AL 35215

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**NATIONAL CREDIT SYSTEMS, INC.**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**EQUIFAX INFORMATION SERVICES, LLC**
c/o Corporation Service Company, Inc.
641 South Lawrence St.
Montgomery, AL 36104