FILED
2018 Nov-26 PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA


## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JAMESHIA ALEXANDER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )    **Case No. 2:18-cv-01728-MHH** |
| **NATIONAL CREDIT SYSTEMS,** | ) |
| **INC., EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC., EQUIFAX** | ) |
| **INFORMATION SERVICES, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

COMES NOW Defendant Experian Information Solutions, Inc.

("Experian"), by and through its undersigned counsel, and answers Plaintiff

Jameshia Alexander's ("Plaintiff") Complaint (the "Complaint") as follows.

## PRELIMINARY STATEMENT

In response to the PRELIMINARY STATEMENT of the Complaint,

without conceding whether or not Plaintiff states any viable claim for relief,

Experian admits that Plaintiff's Complaint purports to seek damages pursuant to

the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*  Experian

denies that Plaintiff is entitled to any relief from Experian.  Except as specifically

admitted, Experian denies, generally and specifically, each and every remaining

allegation of the PRELIMINARY STATEMENT of the Complaint that relates to Experian.  As to the allegations in the PRELIMINARY STATEMENT of the Complaint that relate to the other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of the PRELIMINARY STATEMENT of the Complaint.

## JURISDICTION AND VENUE

In response to the JURISDICTION AND VENUE paragraph of the Complaint, Experian admits that Plaintiff has alleged that jurisdiction arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  Experian further admits that Plaintiff has alleged that venue is proper in this District.  Experian states that these are legal conclusions, which are not subject to denial or admission.  Except as specifically admitted, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the JURISDICTION AND VENUE paragraph of the Complaint and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

## STATEMENT OF THE PARTIES

1.     In response to paragraph 1 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

2.       In response to paragraph 2 of the Complaint, upon information and belief, Experian admits that Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 2 of the Complaint.

3.       In response to paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.       In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.       In response to paragraph 5 of the Complaint, Experian admits that it is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian further admits that it qualified to do business and conducts business in the

State of Alabama.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

6.      In response to paragraph 6 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 6 of the Complaint.

7.      In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.      In response to paragraph 9 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 9 of the Complaint that relates to Experian.  As to the

allegations in paragraph 9 of the Complaint that relate to Defendant Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 9 of the Complaint.

10.     In response to paragraph 10 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 10 of the Complaint that relates to Experian.  As to the allegations in paragraph 10 of the Complaint that relate to Defendant Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 10 of the Complaint.

11.     In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## STATEMENT OF THE FACTS

12.     In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.     In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.     In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.     In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.     In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.     In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.     In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.     In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.     In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.    In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.    In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 24 of the Complaint that relate to Defendant Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 24 of the Complaint.

25.    In response to paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 25 of the Complaint that relate to Defendant Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 25 of the Complaint.

26.     In response to paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## CAUSES OF ACTION
### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANTS EXPERIAN AND EQUIFAX

27.     In response to paragraph 27 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 26 of the Complaint.

28.     In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 28 of the Complaint that relate to Defendant Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 28 of the Complaint.

29.     In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 29 of the Complaint that relate to Defendant Equifax, Experian does not have knowledge or information sufficient to

form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 29 of the Complaint.

30.     In response to paragraph 30 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 30 of the Complaint that relate to Defendant Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 30 of the Complaint.

31.     In response to paragraph 31 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 31 of the Complaint that relate to Defendant Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 31 of the Complaint.

32.     In response to paragraph 32(a) of the Complaint,[1] Experian admits that Plaintiff seeks costs and attorney's fees pursuant to 15 U.S.C. § 1681n and/or

---

[1] Experian notes that the Complaint includes two paragraphs designated as paragraph 32. Experian will treat this as a paragraph with two subparts, i.e., 32(a) and 32(b).

§ 1681o.  Experian states that this is a legal conclusion, which is not subject to denial or admission.  To the extent a response is deemed required, Experian denies that Plaintiff is entitled to any relief against Experian.  As to the allegations in paragraph 32(a) of the Complaint that relate to Defendant Equifax, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 32(a) of the Complaint.

**COUNT TWO**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C.**
**§ 1681 et seq. AS TO DEFENDANT NCS**

32.     In response to paragraph 32(b) of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 32(a) of the Complaint.

33.     In response to paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34.     In response to paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.     In response to paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36.     In response to paragraph 36 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37.     In response to paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT THREE
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT BY DEFENDANT NCS

38.     In response to paragraph 38 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 37 of the Complaint.

39.     In response to paragraph 39 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40.     In response to paragraph 40 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## RESPONSE TO DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

Experian admits that Plaintiff has demanded trial by jury on all issues triable.  In response to Plaintiff's Prayer for Relief, Experian denies, generally and specifically, that Plaintiff is entitled to judgment against, or any relief whatsoever from, Experian.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
## (INTERVENING, SUPERSEDING CAUSE)

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## THIRD AFFIRMATIVE DEFENSE
## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE
## (ACTS OR OMISSIONS OF THIRD PERSONS)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE
## (LACHES)

The Complaint and each claim for relief therein are barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH AFFIRMATIVE DEFENSE

## (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH AFFIRMATIVE DEFENSE

## (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

## (PUNITIVE DAMAGES)

Any claims for exemplary or punitive damages violate Experian's rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and analogous provisions of any applicable State Constitutions.

## TWELFTH AFFIRMATIVE DEFENSE

## (SET-OFF AND RECOUPMENT/SETTLEMENT AMOUNTS FROM OTHERS)

Any recovery by Plaintiff is barred, in whole or in part, under the principles of set-off and recoupment for damages or settlement amounts recovered from others.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (SETTLEMENT CREDITS)

In the event that a settlement is reached between Plaintiff and any other party, Experian is entitled to any settlement credits permitted by law.

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)  That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)  For costs of suit and attorneys' fees herein incurred; and

(3)  For such other and further relief as the Court may deem just and proper.

Dated: November 26, 2018

Respectfully submitted,

/s/ L. Jackson Young, Jr.
L. Jackson Young, Jr.
(ASB-7946-G65L)
FERGUSON FROST MOORE &
YOUNG, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242
Telephone:  (205) 879-8722
Email:      LJY@ffmylaw.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 26, 2018, I caused the foregoing document to be filed with the Clerk of the Court and served upon all counsel of record and/or parties via the CM/ECF system, as follows:

W. Whitney Seals                        John C. Hubbard
Cochrun & Seals, LLC                    John C. Hubbard, LLC
P.O. Box 10448                          2015 First Avenue North
Birmingham, AL 35202-0448               Birmingham, AL  35203
Telephone:  205-323-3900                Telephone:  205-378-8121
Facsimile:  205-323-3906                Facsimile:  205-690-4525
filings@cochrunseals.com                jch@jchubbardlaw.com

*Attorney for the Plaintiff*            *Attorney for the Plaintiff*



Kirkland E. Reid
Jones Walker, LLP
11 North Water Street, Ste 1200
Mobile, AL 36602
Telephone:  251-432-1414
Facsimile:  251-439-7358
Kreid@joneswalker.com

*Attorney for Equifax Information Services, LLC*


                                        /s/ L. Jackson Young, Jr.
                                        Of Counsel