# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMESHIA ALEXANDER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION FILE** |
| | ) | **2:18-cv-01728-MHH** |
| vs. | ) | |
| | ) | |
| **NATIONAL CREDIT SYSTEMS, INC.,** | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC., EQUIFAX** | ) | |
| **INFORMATION SERVICES, LLC;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT NATIONAL CREDIT SYSTEMS, INC.'S ANSWER

COMES NOW, National Credit Systems, Inc., Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiffs' Complaint as follows:

## PRELIMINARY STATEMENT

Defendant denies the allegations contained in Plaintiff's Preliminary Statement.

## JURISDICTION AND VENUE

Defendant denies that this Court has subject matter jurisdiction over the Plaintiff's claims.  Defendant admits only that venue is proper.

## **STATEMENT OF THE PARTIES**

1. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant admits that it is a foreign corporation. Defendant admits that it is a Georgia corporation with its principal place of business in Atlanta, Georgia. Defendant admits that in certain circumstances that it may be considered a debt collector under the FDCPA.

4. Defendant admits that it reports credit information to Defendants Experian Information Solutions, Inc., and Equifax Information Services, LLC. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

## STATEMENT OF FACTS

12. Defendant admits that Plaintiff entered into a rental lease with Sayco Property Services prior to this litigation.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

32819957 v1

16. Defendant admits that the creditor placed Plaintiff's account with it for collections in the amount of $814.50. Defendant admits that it reported the unpaid account to Experian and Equifax. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

## **RESULTS OF EXPERIAN'S REINVESTIGATION**

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

## **RESULTS OF EQUIFAX'S REINVESTIGATION**

22. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. ASA TO DEFENDANTS EXPERIAN AND EQUIFAX

27. Defendant incorporates by reference the above Paragraphs of this Answer as if fully stated therein.

28. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

32819957 v1

31. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

## COUNT TWO
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq AS TO DEFENDANT NCS

32. [SIC]  Defendant incorporates by reference the above Paragraphs of this Answer as if fully stated therein.

33. Defendant denies the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. Defendant denies that it failed to contact any third party other than the Defendant credit reporting agencies when investigating Plaintiff's dispute. Defendant admits that it verified Plaintiff's account after contacting the creditor regarding the Plaintiff's dispute.

35. Defendant denies the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Plaintiff's Complaint.  Defendant further denies that Plaintiff is entitled to any actual damages, statutory damages, punitive damages or any other relief whatsoever and demands strict proof thereof.

37. Defendant denies the allegations contained in Paragraph 37 of the Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to any costs, attorney's fees or any other relief whatsoever and demands strict proof thereof.

## COUNT THREE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT NCS

38. Defendant incorporates by reference the above Paragraphs of this Answer as if fully stated therein.

39. Defendant denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to any actual damages, statutory damages, attorney's fees, costs or any other relief whatsoever and demands strict proof thereof.

In response to the paragraph following Paragraph 40, beginning with "WHEREFORE," Defendant denies that Plaintiff is entitled to any statutory damages, compensatory damages, punitive damages, interest, costs, attorney's fees or any other relief whatsoever and demands strict proof thereof.

## JURY DEMAND

Defendant admits that Plaintiff has requested a trial by jury, however, Defendant denies that Plaintiff should be entitled to a jury trial as Defendant has not committed any violation of the law.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

## THIRD DEFENSE

Defendant affirmatively invokes and asserts all defenses created by and under the Fair Credit Reporting Act.

## FOURTH DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against Defendant.

32819957 v1

## FIFTH DEFENSE

Plaintiff lacks standing.

## SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and laches.

## SEVENTH DEFENSE

Plaintiff's claims against Defendant are barred by the doctrines of judicial estoppel, collateral estoppel and *res judicata*.

## EIGHTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

## NINTH DEFENSE

Defendant denies that it is guilty of any wrongdoing, either negligent, wanton, willful, or otherwise.

## TENTH DEFENSE

Defendant pleads the defense of lack of causal relation between its conduct and the damages alleged.

32819957 v1

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, release, unclean hands, accord and satisfaction, ratification, consent and acquiescence.

## TWELFTH DEFENSE

Defendant's actions were justified and reasonable.

## THIRTEENTH DEFENSE

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third parties over which Defendant had no responsibility or control and for which Defendant may not be held liable.

## FOURTEENTH DEFENSE

Assuming that Plaintiff did suffer damages, which is denied by Defendant, Plaintiff's harm was caused by entities other than Defendant who were beyond the scope or supervision of Defendant or for whom Defendant was and is not responsible or liable.

## FIFTEENTH DEFENSE

The claims asserted by Plaintiff against Defendant are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release.  Moreover, as a result of any such prior proceedings, Plaintiff

10

is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

### SIXTEENTH DEFENSE

There is no basis in law for Plaintiff's claim for attorney's fees.

### SEVENTEENTH DEFENSE

Plaintiff has failed to mitigate Plaintiff's damages, if any.

### EIGHTEENTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Defendant.

### NINETEENTH DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrines of recoupment and/or set-off.

### TWENTIETH DEFENSE

Defendant avers that an award of punitive damages in this case would serve no purpose for which punitive damages can be awarded and are not allowed under the FDCPA.

### TWENTY-FIRST DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings

of, and/or standards set forth in, *BMW of North Am. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

### TWENTY-SECOND DEFENSE

To the extent not otherwise encompassed by the defenses asserted above, Plaintiff's claims for punitive damages are further barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the United States Constitution and/or the Constitution of the State of Alabama.

### RESERVATION OF DEFENSES

Defendant reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

32819957 v1

Respectfully submitted this the 10th day of January, 2019.

                                       *s/ Alan D. Leeth*
                                       Alan D. Leeth (LEE038)
                                       Rachel Friedman (FRI045)
                                       BURR & FORMAN LLP
                                       420 North 20th Street, Suite 3400
                                       Birmingham, Alabama  35203
                                       Telephone: (205) 251-3000
                                       Facsimile: (205) 458-5100
                                       aleeth@burr.com
                                       rfriedman@burr.com

                                       Attorneys for Defendant
                                       NATIONAL CREDIT SYSTEMS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of January, 2019, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| W. Whitney Seals<br>filings@cochrunseals.com | John C. Hubbard<br>jch@jchubbardlaw.com |
| L. Jackson Young, Jr.<br>ljy@ffmylaw.com | Kirkland E. Reid<br>kreid@joneswalker.com |

                                       *s/ Alan D. Leeth*
                                       OF COUNSEL

32819957 v1